UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAMIE MUNCHBACH, <br><br> Plaintiff, <br><br> v. <br><br> NORFOLK COUNTY DISTRICT ATTORNEY'S OFFICE, et al, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 26-cv-13269-LTS |

MEMORANDUM AND ORDER

July 16, 2026

SOROKIN, D.J.

Pro se plaintiff Jamie Munchbach ("Plaintiff") has filed a civil complaint against James

Munchbach (whom she is divorcing), the Norfolk County District Attorney's Office and Judge

Jacqueline Burchill of the Commonwealth's Probate and Family Court.  Plaintiff has also filed a

motion for leave to proceed in forma pauperis and an "Emergency Motion" concerning a pending

state court appeal.  For the reasons set forth below, the Court will GRANT the motion for leave

to proceed in forma pauperis, DENY the emergency motion, and DISMISS this action.

**I.      Motion for Leave to Proceed in Forma Pauperis**

Upon review of the motion for leave to proceed in forma pauperis, the Court concludes

Plaintiff has adequately demonstrated that she is eligible to proceed without prepayment of the

filing fee.  Accordingly, the motion is GRANTED.

**II.     Review of the Complaint**

Because Plaintiff is proceeding in forma pauperis, the Court conducts a preliminary

review of her complaint to determine whether the defendants should be required to respond.  The

1

Court may dismiss any claim that is malicious or frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from any defendant that is immune from such relief.  See 28 U.S.C. § 1915(e).

### A.    Munchbach's Complaint and Emergency Motion

This action concerns the issuance of an abuse order in Quincy District Court against Plaintiff upon the application of James Munchbach.  The exhibits to the complaint indicate that on May 22, 2026, the abuse prevention order—first issued in May 2025—was modified so that it would not expire until May 21, 2027.  ECF 1-3 at 1-5.

Plaintiff's statement of her claim is as follows:

> Due to intimate and personal relationships James Munchbach has attained to utilize and abuse me in the District court and probate court, has used unethical and [other] behaviors promoting him to use my disabilities to vacate me from my home, work and most importantly my children while he is free to not to be held in contempt of any order violations nor has he paid the bills to our shared home or expense accounts.

ECF 1 at 4.  In her prayer for relief, Plaintiff states:

> I am asking to court to order an injunction on the issued order that was extended because I was not present for a hearing my public defender refused to represent me at while out of state for medical treatment.  He was fully aware and the judge had NO grounds just as they had no original grounds.  Judge Jacqueline Burchill refuses to intervene in the best interest of the child.  Judge Jacqueline Burchill has given my Power of Attorney to a man I am divorcing who is altering bills and creating financial nightmare for a person with a disability.

Id. at 4-5 (as in original).

Plaintiff's "Emergency Motion" appears to be a typed copy of a "Notice of Intent to Appeal" Plaintiff filed in state court on June 3, 2026 with a hand-written annotation for the present action: "No response to appellate from James Munchbach.  Their process is to long and my children are at risk, being mentally harmed and my disabilities are causing life altering issues being homeless and below poverty level when I owe over a million dollar home and being abuse

2

by my ex-husband and the courts for filing complaints and lawsuit." ECF No. 3 at 2-3 (as in original).

### B.      Discussion

Plaintiff invokes the Court's federal question subject matter jurisdiction, but she does not identify a particular federal statute or right at issue. ECF 3. The Court cannot discern any federal claim applicable to the alleged circumstances that would allow a federal trial court to enter an injunction against a state trial court. In short, Plaintiff has failed to state a claim upon which relief may be granted.

Any claim under 42 U.S.C. § 1983, which statute provides a right of action against a "person" acting "under color of state law" who violated the plaintiff's federal rights, see 42 U.S.C. § 1983, fails to state a claim upon which relief could be granted. A state (including its agencies and departments and officials acting in their official capacity) does not constitute a "person" subject to suit under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). This means that the Norfolk County District Attorney's Office cannot be sued under § 1983. Injunctive relief against a judicial officer under § 1983 is not available "unless a declaratory decree was violated or declaratory relief was unavailable." Neither circumstance exists here.

A federal district court cannot adjudicate a de facto appeal of a state court judgment. "[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps., 471 F.3d 220, 223 (1st Cir. 2006); see also Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 287, (1970) ("Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts,

with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme] Court.").

## III.    Conclusion

For the foregoing reasons, the Court hereby orders:

1.    The motion for leave to proceed in forma pauperis is GRANTED.

2.    The emergency motion is DENIED.

3.    This action is DISMISSED for failure to state a claim upon which relief may be granted.

SO ORDERED.

 /s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE

4